IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GABRIEL KIRK,** | ) | |
| On Behalf of Himself and All Others | ) | JURY TRIAL DEMANDED |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case no.: |
| | ) | |
| v. | ) | |
| | ) | |
| **EQUITY PRIME MORTGAGE LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**Collective Action under §216(b) of FLSA**

Plaintiff Gabriel Kirk, on behalf of himself and all others similarly situated, by and through counsel, for his Original Complaint against Defendant Equity Prime Mortgage LLC ("Equity Prime" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Gabriel Kirk is a former Mortgage Loan Originator for Defendant. He sold mortgages to individual customers primarily over the telephone. Defendant treated him and other Mortgage Loan Originators as exempt employees, and did not pay them minimum wage and/or overtime compensation. In fact, Defendant failed to pay Plaintiff any compensation

1

for approximately his first three months of work. Defendant operate and/or operated retail mortgage branches nationwide.

2. This is a collective action brought by Individual and Representative Plaintiff Gabriel Kirk on his own behalf and on behalf of any proposed collective and any sub-collectives. Plaintiff and the putative collective members are or were employed by Defendant as "mortgage loan originators," "mortgage loan officers," "senior mortgage loan officers," "loan officers," and in other similar mortgage origination jobs, and who Defendant misclassified such that they were denied minimum wage and/or overtime compensation as required by federal and states wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant as "mortgage loan originators," "mortgage loan officers," "senior mortgage loan officers," "loan officers," and in other similar mortgage origination jobs (collectively as "Mortgage Loan Originators"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

4. During the Collective Period, Defendant failed to pay minimum wages

and/or overtime compensation to each member of the FLSA Collective as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay all wages due, pay appropriate minimum wages and/or overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

5. Defendant's policy and practice is to deny earned wages including minimum wage and/or overtime pay to its Mortgage Loan Originators. In particular, Defendant requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them minimum wages and/or overtime pay.

6. Defendant's deliberate illegal treatment of its Mortgage Loan Originators which denies them minimum wages and/or overtime compensation results in Defendant violating the FLSA, and corresponding state wage and hour laws.

7. Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

## PARTIES

8. Plaintiff Gabriel Kirk currently resides in the Baltimore, Maryland area. Defendant employed Plaintiff Kirk as a Mortgage Loan Originator from

approximately January 2016 through March 2017 at Defendant's offices located in Baltimore City, Maryland. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as Exhibit 1.

9. Defendant Equity Prime Mortgage LLC is a Georgia limited liability company with its principal office located 5 Concourse Parkway, Suite 2250, Atlanta, Georgia 30328. Defendant Equity Prime Mortgage LLC does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

11. The United States District Court for the Northern District of Georgia has personal jurisdiction because Defendant conducts business within this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and can be found in the Northern District of Georgia, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Georgia. Venue is also proper

under 29 U.S.C. §1132(e)(2) because Defendant have substantial business contacts within the state of Georgia.  Finally, Plaintiff also has a Mortgage Loan Originator Employment Agreement with Defendant which places venue in the Northern District of Georgia.

## FACTUAL ALLEGATIONS

13. "Equity Prime Mortgage LLC is a national lender whose operations extend to over 45 states. We provide a variety of mortgage products to assist you with finding solutions to all of your needs.  Equity Prime Mortgage LLC is a direct lender with branches around the country that are dedicated to bringing you access to the most diverse array of home lending products available in the industry."   *See* Equity Prime Mortgage website: https://www.equityprime.com/page/about-us.

14. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the

5

"enterprise" requirement under the FLSA.

15. Defendant paid Plaintiff and other Mortgage Loan Originators on a draw against commission basis. As a result, Defendant recaptured any minimum wage and/or overtime compensation paid to Plaintiff and other Mortgage Loan Originators which essentially resulted in Defendant paying them on a commission only basis.

16. By way of example, Plaintiff began working for Defendant in January 2016. Defendant did not pay him any compensation for approximately three months even though he routinely worked over eight hours per day and more than 40 hours per week.

17. Once Defendant began paying Plaintiff, Defendant offset any minimum wage payments to Plaintiff from his paid commissions and/or bonuses.

18. Defendant uniformly applied its payment structure to all Mortgage Loan Originators.

19. Defendant suffered and permitted Plaintiff and other Mortgage Loan Originators to work more than forty hours per week without minimum wages and/or overtime compensation for all hours worked. For example, Plaintiff and other Mortgage Loan Originators regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff

and other Mortgage Loan Originators regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

20. For example, while a Mortgage Loan Originator, Plaintiff's schedule fluctuated from day-to-day. His regular schedule in the office had him working Mondays through Fridays, generally from 8:00 am until 8:00 pm. Additionally, Plaintiff worked approximately at least four (4) to five (5) weekend days every month. Plaintiff also performed additional hours of work each week using his mobile device to send and receive business-related emails, texts, and/or phone calls. As such, during this time period, Plaintiff's regular schedule had him working an average of at least 60 hours per week.

21. As further example, for the week beginning June 26, 2016, Plaintiff worked approximately at least 80 hours that week as a Mortgage Loan Originator for Defendant performing duties which included taking loan applications and collecting required documents for loan processing. Defendant, however, failed to pay him overtime compensation for his approximately 40 hours of overtime work for that week.

22. Defendant knew Plaintiff and other Mortgage Loan Originators worked more than forty hours in a week because Defendant expected Plaintiff and

Mortgage Loan Originators to be available to receive phone calls and answer emails – from customers, realtors and from Defendant's management employees – in the evenings and on weekends. Also, for example, Plaintiff and other Mortgage Loan Originators were expected to timely respond to leads after receiving them. Plaintiff sometimes received these leads in the evenings and on the weekends. Plaintiff and on information and belief other Mortgage Loan Originators told Defendant' management employees that they were working more than forty hours per week without payment for minimum wages and/or overtime compensation. Finally, Defendant's management employees repeatedly saw Plaintiff and other Mortgage Loan Originator in the office during and outside of "normal" business hours such that management knew Plaintiff and the other Mortgage Originators were working hours without payment.

23. Defendant uniformly denied Plaintiff and other Mortgage Loan Originators minimum wages and/or overtime pay.

24. In reality, Plaintiff and other Mortgage Loan Originators are and were non-exempt sales employees who are and were entitled to minimum wages and /or overtime pay for all hours worked.

25. Defendant is in the business of selling mortgages.

26. Plaintiff and the other Mortgage Loan Originators had the same primary duty of selling loan products.

27. Plaintiff and other Mortgage Loan Originators did not customarily and regularly make sales at their customers' home or place of business.

28. Instead, Plaintiff and other Mortgage Loan Originators regularly made sales over the phone, via the internet, or in person at Defendant's offices.

29. Plaintiff and other Mortgage Loan Originators did not regularly supervise the work of two or more employees.

30. Plaintiff and other Mortgage Loan Originators did not exercise discretion and independent judgment as to matters of significance.

31. Plaintiff and other Mortgage Loan Originators did not perform office work related to Defendant's general business operations or its customers.

32. Plaintiff and other Mortgage Loan Originators had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

33. Defendant does not require Plaintiff and other Mortgage Loan Originators to have a college degree to obtain a Mortgage Loan Originator job.

34. All Mortgage Loan Originators are similarly situated in that they share common job duties and descriptions, Defendant treated them as exempt

employees, and were all subject to Defendant's policy and practice that treated them as commission only employees, and they all performed work without minimum wages and/or overtime compensation for all hours worked.

35. Defendant did not keep accurate records of the hours Plaintiff and other Mortgage Loan Originators worked. Because Defendant did not pay Plaintiff and other Mortgage Loan Originators for all the hours they worked, including overtime hours, Defendant' wage statements did not accurately reflect all hours Plaintiff and other Mortgage Loan Originators worked.

36. Defendant did not provide Plaintiff and the other Mortgage Loan Originators with paychecks and/or accurate paychecks.

37. Defendant did not pay Plaintiff and other Mortgage Loan Originators for all of their minimum wages and/or overtime hours. Accordingly, Defendant did not provide Plaintiff and other Mortgage Loan Originators with all compensation owed to them, including their unpaid minimum wage and/or overtime compensation, at the time they separated from the company.

38. Defendant is aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Mortgage Loan Originators. Moreover, it is common

industry knowledge that courts and the United States Department of Labor have found mortgage loan officers to be non-exempt entitled to be paid minimum wage and/or overtime compensation for all hours worked.

39. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Mortgage Loan Originators.

## FLSA Collective

40. Plaintiff brings Count I on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

> All persons who are, have been, or will be employed by Defendant as "Mortgage Loan Originators," "Mortgage Loan Officers" "Senior Mortgage Loan Officers," and other individuals who originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

Plaintiff will subgroup the FLSA Collective as necessary for certification and/or litigation purposes.

41. Upon information and belief, Defendant paid Plaintiff and the FLSA Collective essentially on a commission basis because Defendant offset any minimum wage and/or overtime compensation from their commissions, and

11

suffered and permitted them to work more than forty hours per week without minimum wages and/or overtime compensation.

42. Defendant's draw against commission pay plan and failure to pay for work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Mortgage Loan Originators.

43. Accordingly, Plaintiff and the FLSA Collective were subject to Defendant' policy, decision, and/or plan of failing to pay appropriate minimum wages and/or overtime compensation.

44. Another former Mortgage Loan Officer has already joined this case and his consent to join form is attached as an exhibit.

45. Defendant's unlawful FLSA conduct has been widespread, repeated, and consistent.

46. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required minimum wages and/or overtime pay. Defendant required them to work long hours and weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendant about these practices, and it is common industry knowledge that loan officers are non-exempt employees who must be paid for all hours worked. Defendant operated under a scheme to deprive these employees of

overtime compensation by failing to properly compensate them for all hours worked.

47. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

48. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendant who have been denied minimum wages and/or overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant' records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT Minimum Wage and Overtime Claims

49. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

50. The FLSA requires each covered employer such as Defendant to

compensate all non- exempt employees at the applicable minimum wage for all hours worked up to forty hours per week, and a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

51. Plaintiff and the FLSA Collective are entitled to be paid minimum wages and/or overtime compensation for all hours worked.

52. Defendant, pursuant to their policies and practices, failed and refused to pay minimum wages and/or overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

53. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all minimum wages and/or overtime compensation.

54. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

55. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wages at the applicable rate and overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

57. Plaintiff, on behalf of himself and the FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of himself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendant is financially responsible for notifying the FLSA Collective of their alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiff's and the

FLSA Collective's unpaid minimum and/or overtime wages at the applicable rates;

D. A finding that Defendant's conduct was willful;

E. An equal amount to the minimum and/or overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

This 20th day of December, 2017.

>Respectfully submitted,
>
>**POPE & HOWARD, P.C.**
>
>/s/ Geoffrey E. Pope
>Geoffrey E. Pope
>Georgia Bar No. 583880
>*Attorney for Plaintiff*

945 E. Paces Ferry Road, Suite 2525
Atlanta, Georgia 30326
Tel: (404) 885-9999
Fax: (404) 885-9998
gpope@popehoward.com

                                            **ROWDY MEEKS LEGAL GROUP LLC**

                                            /s/ Rowdy B. Meeks
                                            Rowdy B. Meeks
                                            Kansas Bar No.16068
                                            *(Application for Pro Hac Vice to be filed)*
                                                  *Attorney for Plaintiff*

8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel: (913) 766-5585
Fax: (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com